IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

LAWRENCE SMITH,

        Plaintiff,

VS.                                            No. 18-2435-TLP-cgc

MUNFORD POLICE DEPARTMENT, et al

        Defendant.

## REPORT AND RECOMENDATION

Before the Court, by way of Administrative Order 2013-05,[1] is the December 31, 2018 Motion to Dismiss filed on behalf of all defendants (D.E. # 11). The Motion seeks dismissal for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5). Pursuant to Local Rule 12.1 "[a] party opposing a motion to dismiss must file a response within 28 days after the motion is served." In an order entered on February 4, 2019, the Court ordered the Plaintiff to show cause why the undersigned should not file a Report and Recommendation recommending that the Motion to Dismiss should be granted. (D.E. # 12) Plaintiff's March 8, 2019 response (styled

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation

"Motion for Order to Show Cause" D.E. #13[2]) does not substantively respond to the pending Motion to Dismiss.

I. Proposed Statement of Facts

Plaintiff filed his Complaint and paid the $400 case initiation fee on June 27, 2018. (D.E. # 1 and 2)  On July 17, 2018, summonses were issued to Plaintiff for service on the defendants. (D.E. # 7, 8, 9 and 10)  On December 31, 2018, Defendants filed the instant motion to dismiss for insufficient service of process.  Defendants allege that the City of Munford received four summonses by certified mail on July 26, 2018 and that the envelopes were left with an employee and were not signed for by the individual defendants.  *See*, D.E. #11-1, ¶ 4, 5 and 6 and pages 11 – 14.  Defendants further allege that the summonses were not accompanied by a copy of the complaint.  *See*, D.E. # 11-1, ¶ 7; D.E. # 11-2, ¶ 5; D.E. # 11-3, ¶ 5; D.E. # 11-4, ¶ 5.  The City of Munford alleges that Defendant Munford Police Department is a department of the City of Munford and is not a separate legal entity.  D.E. #11-1, ¶ 8.  Neither the Mayor (who is the chief executive officer of the City of Munford) or the City Attorney of the City of Munford have been served with a copy of a summons or complaint in the instant case.  *See*, D.E. #11-5, ¶ 4, 5 and D.E. # 11-6, ¶ 4.  No City of Munford employee has been authorized to accept service of process for the City of Munford in the absence of the Mayor or the City Attorney.  D.E. #11-1, ¶ 8.

II. Proposed Conclusions of Law

Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, a complaint may be dismissed if the Court finds that there was insufficient service of process.  Fed. R. Civ. P.

---

[2] The "motion" at D.E. # 13 is DENIED AS MOOT as it is not a request for an order to show cause and provides no grounds for the relief sought ("I pray that the Court keep this case open.").

(12)(b)(5). Rule 4(c) states, "A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). Because Plaintiff paid the case initiation fee, he was responsible for ensuring that service is completed consistent with Rule 4. *See*, docket entry 2, 7, 8, 9 and 10. Rule 4(l)(1) requires that proof of service be made by the server's affidavit. Service of the summons and complaint may only be made by a person over the age of 18 and not a party to the case. Fed. R. Civ. P. 4(c)(2) The docket does not reflect that Plaintiff has provided proof of service to the court. Defendants state that they received the summonses by certified mail. While service by mail upon an individual defendant is acceptable[3], it is required to be made by certified return receipt mail. Tenn.R.Civ.P 4.04 (10) Service upon a local government must be made by delivering a copy of the summons and complaint to its chief executive officer[4] or its city attorney.[5] In this case, service has not been sufficiently effected as to any of the defendants to this action.

Further, Plaintiff is required to serve the defendants within ninety (90) days after the complaint is filed. If service has not been made within that time, the court must dismiss the action without prejudice or order that service be made within a specified time. Fed.R.Civ.P 4(m). It is RECOMMENDED that the Motion to Dismiss be GRANTED and that Plaintiff's Complaint be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(5) and 4(m).

---

[3] Fed.R.Civ.P 4(e)(1) (following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made)
[4] Fed.R.Civ.P 4(j)(2)(A); Fed.R.Civ.P 4(j)(2)(B) and Tenn.R.Civ.P 4.04 (8)
[5] Fed.R.Civ.P 4(j)(2)(B) and Tenn.R.Civ.P 4.04 (8)

Signed this 7th day of May, 2019.

s/ Charmiane G. Claxton  
CHARMIANE G. CLAXTON  
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**